Argued January 18, affirmed April 3, reconsideration denied May 10, rev den 283 Or 99 (1978)

MICHAEL EUGENE URBAN, *Appellant,*

*v.*

CUPP, *Respondent.*

(No. 98777, CA 8926)

576 P2d 841

Stephanie A. Smythe, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Johnson and Roberts, Judges.

ROBERTS, J.

[ 453 ]

## ROBERTS, J.

Petitioner seeks post-conviction relief from his conviction of first-degree kidnapping and robbery claiming that the prosecution's suppression of evidence favorable to him violated his constitutional right to due process of law. The circuit court dismissed the petition on the grounds that the:

"* * * evidence was not material to the outcome of petitioner's trial.

"* * * [Petitioner] failed to prove by a preponderance of the evidence that he was denied his rights to due process of law by the withholding of favorable evidence which was of substantial significance to the outcome of his trial."

Petitioner's conviction arose out of an incident which occurred on August 12, 1974. Petitioner and a companion picked up two hitchhikers near Burns, Oregon, and drove them to Oakridge. According to the hitchhikers, they were then taken against their will from Oakridge to a point approximately 10 miles west of Oakridge. The hitchhikers claim to have escaped from the petitioner and his companion after some target shooting had taken place.

Petitioner was tried and convicted of first-degree robbery and first-degree kidnapping in a trial held separately from that of his companion. Petitioner's companion was acquitted of the same charges in his trial held later. Petitioner claims that evidence brought out at his companion's trial had been suppressed by the prosecution prior to his trial, thus denying him due process of law.

The evidence in question relates to a shooting incident which occurred during the drive from Burns to Oakridge. The hitchhikers testified that petitioner and his companion subjected them to games of "Russian roulette" by pointing a .38 caliber revolver with one live round in the cylinder at each and pulling the trigger. The complaining witnesses stated that the gun was fired when petitioner's companion was holding it

directly in front of the face of one of the hitchhikers, who was sitting between the two in the front seat. The bullet penetrated the top of the car near the post on the driver's side. Petitioner and his codefendant testified that no Russian roulette was played and that the gun fired accidentally while being held by petitioner's codefendant after it had fallen out of the glove compartment.

Lane County Deputy Sheriff James Ripka examined the automobile and observed the bullet hole made in the automobile. At petitioner's trial, Ripka testified only as to the location and the size of the bullet hole. However, at the codefendant's trial Ripka was asked by defense counsel, upon cross-examination, if he had reached a conclusion as to the path of the bullet and the location of the gun when it was fired. Ripka testified that, although he had not used a wooden dowel to determine the trajectory of the bullet, he had "sighted" the hole. His conclusion, which might be better characterized as speculation, was that the gun had been fired from some point higher than the lap and lower than the head of petitioner's codefendant, who was sitting on the far right side of the automobile. Ripka had not included this in his written report and the petitioner was never informed that the officer had drawn a conclusion.

At the hearing on the petition for post-conviction relief, Officer Ripka testified that, in his opinion, the gun was not fired from a position above the back of the front seat as both complaining witnesses claimed. Ripka further testified that the prosecutor did not ask him to conduct trajectory tests and that his observations did not amount to a "test."

Petitioner claims that under these circumstances the prosecution's failure to inform him of Ripka's conclusion as to the position of the gun when it discharged amounted to a withholding of favorable evidence and that under the doctrine originally stated by the U. S. Supreme Court in *Brady v. Maryland,* 373

US 83, 83 S Ct 1194, 10 L Ed 2d 215 (1963), he is entitled to a new trial.

The doctrine of *Brady v. Maryland, supra,* was restated by this court in *Hanson v. Cupp,* 5 Or App 312, 320, 484 P2d 847 (1971):

"* * * [I]t rationally matters not whether the evidence favorable to the defendant and in the hands of the state was or was not requested by the defendant. Nor does it matter whether it was negligently, accidentally or maliciously withheld. The sole questions are:

"(1) Did the state have such evidence?

"(2) Was it evidence of substantial significance for the defense—was it evidence which, if believed by a trier of fact, would be seriously considered by that trier of fact in determining guilt or innocence?"

Petitioner claims that both of these questions must be answered affirmatively and that a new trial is therefore required.

The state does not contend that it did not have the evidence and, in view of the fact that Officer Ripka made specific observations and drew specific conclusions, no such contention could be sustained. *State v. Koennecke,* 22 Or App 89, 100, 537 P2d 1160 (1975), *reversed on other grounds* 274 Or 169, 545 P2d 127 (1976). The first question posed in *Hanson v. Cupp, supra,* is answered affirmatively.

Most courts, when dealing with the doctrine of *Brady v. Maryland, supra,* discuss the second question in *Hanson* under the term "materiality." *See,* Annotation, 34 ALR3d 16 (1970). The trial judge ruled against petitioner on the basis of "materiality," finding that the evidence merely related to the victims' credibility.

While we do not agree that in all instances evidence which relates only to credibility is necessarily not material,[1] we hold that under the circumstances of

[1]Cases from the United States Supreme Court, the federal courts, and many state courts recognize that evidence relating to credibility might be sufficiently important to require disclosure under the doctrine of *Brady v. Maryland, supra.* These cases are collected in Annotation, 34 ALR3d 16, 47-52 (1970).

this case the prosecution's failure to make Officer Ripka's conclusion known to petitioner did not deny him a fair trial. If the evidence were believed it would lead only to the conclusion that the gun was fired from a position slightly lower than that claimed by the victims. So viewed, the evidence was not such that "if believed by a trier of fact, would be seriously considered by that trier of fact in determining guilt or innocence." *Hanson v. Cupp, supra,* 5 Or App at 320.

Affirmed.